commissions; dramatic reductions in Class members' year-end bonuses that constitute a significant portion of their compensation; forced relocation; and in many cases, termination from their employment.

## JURISDICTION AND VENUE

3.    <u>Jurisdiction</u>.  Jurisdiction is founded on diversity of citizenship grounds and in that the amount in dispute is over $75,000 exclusive of interest and costs. Therefore, jurisdiction is proper pursuant to 28 U.S.C. § 1332.

4.    <u>Venue</u>.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Plaintiff resides in this county and a substantial part of the events complained of herein occurred within this District.  Additionally, Defendant does substantial business here.

## PARTIES

5.    Plaintiff Skylar S. Jordan is an adult individual residing in, Sherwood, Pulaski County, Arkansas 72120.  Plaintiff took the Series 7 broker examination in January 2005 and was notified of his failure of the exam.  However, in January 2006 he received a letter from the Defendant that told him he actually passed the January 2005 exam, and that his January 2005 exam was scored incorrectly due to computer scoring error.

6.    Defendant NASD is a corporation with its principal office located at 9509 Key West Avenue, Rockville, Maryland 20850.

7.    Defendant NASD is a private sector financial regulatory service provided with offices located nationwide.

8.      Defendant, at all times relevant hereto, acted through its agents, servants, and employees, who acted within the course and scope of their employment and on behalf of the Defendant.

## FACTUAL ALLEGATIONS RELATING TO ALL LEGAL CLAIMS

9.      The Defendant, NASD, is a self-regulatory organization of security firms. NASD is responsible for regulating the securities market and ensuring that member firms abide by the rules of the NASD and the Municipal Securities Rulemaking Board, as well as federal and state securities laws and regulations.

10.     Companies that are regulated by and registered with the Defendant are referred to as member firms. The Defendant oversee the activities of more than 5,100 brokerage firms, approximately 115,940 branch offices and more than 657,800 registered securities representatives.

11.     The Defendant maintains the Web Central Depository ("CRD") computer database system. The system is responsible for processing membership applications for brokers and maintaining records regarding the status of a broker's registration. Member firms have access to the CRD. However, the public can access the status of broker registration through NASD BrokerCheck, a service provided by the CRD system which allows the public to determine whether individuals, such as those who constitute the class, have passed exams administered by NASD, including the Series 7.

12.     The NASD is also responsible for administering tests relating to securities broker licensing, including the Series 7.

18.     In the fall of 2004, Plaintiff learned of an opportunity with American Municipal Securities firm ("American Municipal") concerning potential employment as a Registered Representative.  He pursued this opportunity and the firm offered him employment contingent upon his passing the Series 7 exam.

19.     Plaintiff was new to the financial service industry.  This was his first employment opportunity in this type of business.

20.     American Municipal registered and sponsored Plaintiff to take the Series 7 exam.  Plaintiff paid several expenses in order to take the exam.  Plaintiff first took the Series 7 exam in the fall of 2004 and failed regardless of error in scoring.

21.     Plaintiff took the Series 7 exam for a second time on January 25, 2005 at the Prometric Testing Center in Little Rock, Arkansas.  After he completed the exam, he immediately received his test results from NASD.  He was told he received a 69% and consequently had failed the exam.  Plaintiff returned to American Municipal and notified his supervisors that he had not passed the exam.  His supervisors acted negatively.

22.     American Municipal agreed to sponsor Plaintiff one last time.  In March 2005, Plaintiff, took the Series 7 for the last time and passed regardless of error.  Plaintiff subsequently passed the Series 63 exam and was cleared to begin employment at American Municipal.  His official start date with the firm was April 4, 2005.

23.     From January 2005 through March 2005, Plaintiff was unable to obtain his Series 7 certification.  As such, he was prevented from obtaining employment with American Municipal during that time.  More importantly, Plaintiff earned no income during that time due to his supposed failure on the January 2005 exam.  He was not employable by American Municipal nor any other firm requiring Series 7 certification as

a prerequisite to employment, and also paid additional expenses in taking the Series 7 again even though he had previously passed the exam.

24.    In January 2006, almost a full year after Plaintiff had been notified that he had failed his January 2005 exam, Defendant notified Plaintiff that the exam results he received in January 2005 were in error and that he had, in fact, passed the exam. Plaintiff contacted his supervisor and notified him of the error. Despite the steps Defendant took to notify Plaintiff and his employer of the mistake, Plaintiff had already experienced significant financial loss and had already been irreparably harmed.

25.    Plaintiff was not alone. During the Class Period, the Defendant erroneously notified approximately 1,882 members of the Class that they had failed the Series 7.

26.    On January 2006, the Defendant posted a press release on its website entitled "NASD Says Software Error Impacts Certain Series 7 Exam Results." The Defendant reported that it "has begun notifying a limited number of individuals who took the Series 7 broker qualification exam between Oct. 1, 2004 and Dec. 20, 2005 to tell them that they had incorrectly received a failing grade due to a software error." The Defendant went on further to say that it would correct CRD to reflect that these individuals were indeed qualified to act as general securities representatives and would notify the sponsoring firms. Additionally, Defendant acknowledged that some individuals may no longer be associated with their sponsor firms, so a two year period was granted for those individuals to reassociate with a firm without having to take the exam.

27.    NASD expressly and impliedly represented to the public and applicable member firms and other entities that it had procedures in place to ensure correct scoring of the exams.  Despite such representations, NASD publicly admitted that it incorrectly scored the exams taken during the Class period.

28.    NASD owes a duty of good faith and fair dealing to test takers to accurately grade the tests.

29.    NASD's actions prevented Plaintiff and some Class members from receiving or timely receiving their professional credentials, and thus prevented them from retaining or obtaining employment as certified Series 7 brokers.  For example, many lost their jobs, many were denied employment as certified Series 7 brokers, and many did not pursue positions requiring passage of the Series 7 because to do so would have been futile.  This loss of employment and employment opportunities has caused, inter a loss of income, benefits, seniority, and tenure.  As a result, Plaintiff and Class members have been damaged.

30.    NASD's actions also cause Plaintiff and some Class members to incur costs relating to taking the tests on multiple occasions, including fees, purchase of study materials, costs associated with additional course work, and travel related expenses to take the test out of town.

## CLASS ALLEGATIONS

31.    Plaintiff brings this class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of all members of the following class (the "Class").  The Class consists of:

> All persons who took the Series 7 broker qualification examination administered by NASD in the period running from October 2004 through

December 2005 who, based on scoring error, were falsely notified by the NASD that they received a failing score when in reality they had passed the exam.

Plaintiff reserves the right to amend or modify the Class definition in connection with a Motion for Class Certification and/or as the result of discovery.

32.     This class action is properly brought as a class action for the following reasons.  The Class is composed of more than a thousand persons geographically dispersed throughout the United States, the joinder of whom in one action is impracticable.  NASD acknowledges that approximately 1,882 persons in various states passed the test, but were falsely told that they had failed, making this a class action with a minimum of 1,882 members.  The exact number and identities of the members of the Class are currently unknown to the Plaintiff but is known by NASD and can be easily ascertained.   Approximately 60,500 individuals sat for a Series 7 exam which was incorrectly scored in the period running from October 2004 through December 2005.  The disposition of Plaintiff's and Class members' claims in a class action will provide substantial benefits to both the parties and the Court.  The Class is ascertainable and there is a well-defined community of interest in the questions of law and/or fact alleged since the rights of each Class member were infringed or violated in similar fashion based upon Defendant's misconduct.  Notice can be provided through records or by publication, the cost of which is properly imposed upon Defendant.  The Class consists of thousands of person and is thus so numerous that joinder of all members is impracticable.

33.     There questions of law and/or fact common to the Class predominate over questions that may affect particular Class members.  Such common questions include:

(a) Whether NASD incorrectly scored the Series 7 tests;

(b) Whether NASD provided Plaintiff and Class members with erroneous test scores;

(c) Whether NASD provided Plaintiff and Class members with erroneous failing test scores;

(d) Whether NASD incorrectly reported Plaintiff's and Class members' scores to them and their current or potential employers;

(e) What was the nature and extent of NASD's error in scoring the Series 7 tests;

(f) What audit procedures were in place to detect incorrect scoring;

(g) Why the auditing procedures failed to timely detect the incorrect scoring prior to reporting;

(h) Whether NASD was negligent in its issuance of false exam results;

(i) Whether NASD interfered with a business relationship;

(j) Whether NASD interfered with the Class members' existing and future business relationships;

(k) Whether NASD was reckless in its failure to issue its true exam results;

(l) Whether NASD informed plaintiff and Class members of its scoring error in a timely fashion;

(m) What measures NASD undertook to determine and identify all those whose scores were impacted by the scoring errors;

(n) Whether NASD has identified all putative Class members;

(o) Whether, as a result of NASD's misconduct, Plaintiff and Class members are entitled to damages, restitution, equitable relief and the amount and nature of such relief.

34.    Plaintiff's claims are typical of the claims of all other Class members because Plaintiff took the Series 7 exam, was falsely told that he had failed the exam when in actuality he had passed it by being given a test score lower than what he actually earned, and was injured by Defendant's conduct. Thus, Plaintiff's claims are based upon the same set of facts, and asserts the same legal theories to recover damages. Therefore, Plaintiff's claims are typical of the class.

35.    Plaintiff will fairly and adequately represent and protect the interests of the Class. There are no disabling conflicts of interest between Plaintiff and the Class. Plaintiff is a member of the Class, possesses the same interests, and has suffered similar injuries as the Class members, making their interests coextensive with those of all other Class members.

36.    The Class is represented by experienced and competent counsel experienced in class action and complex litigation and well-qualified to handle this case and represent the interest of the Class.

37.    A class action is superior to other methods for the fair and efficient adjudication of the controversy for the reasons that include the following:

(a) The prosecution of separate actions by individual members of the Class creates a risk of inconsistent and varying adjudications with respect to members of the Class and would establish incompatible standards of conduct for Defendant;

(b) Questions of law and fact common to the members of the Class predominate over any questions affecting only individual members and prosecution as a class action will eliminate the possibility of duplicative litigation; and

(c) A class action will provide redress for claims which otherwise may be too small to support the expense of individual, complex litigation.

38.    Plaintiff knows of no difficulties that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## COUNT I

## NEGLIGENCE

39.    All other paragraphs of this Complaint are incorporated herein by reference.

40.    NASD owed Plaintiff and all Class members duties which it breached.

41.    Plaintiff and the Class members, by registering for the exam, had a right to obtain accurate test results.

42.    NASD also had a duty to timely identify errors in scoring prior to the reporting of scores.

43.    NASD's actions were negligent, grossly and fragrantly negligent, reckless and malicious, rending NASD liable and/or strictly liable, for the following reasons:

(a) Failing to ensure that the software and computer systems were working properly;

(b) Failing to verify the accuracy of the results of the tests before reporting individual scores;

(c) Failing to properly identify all persons adversely affected by the scoring errors;

(d) Failing to properly rescore the examinations upon requests;

(e) Failing to immediately notify Plaintiff, class members, their sponsors and/or employers and/or potential employers of the incorrect scoring or even the possibility of incorrect scoring in a timely manner.

(f) Failing to timely implement effective audit or quality control procedures under which the examination scores were examined and determined to be accurate before reporting individual scores;

(g) Failing to timely recognize that the lower scores were due to scoring errors;

(h) Failing to implement appropriate procedures to prevent scoring errors or inaccuracies; and

(i) Any and all other acts of negligence, recklessness, and omissions to be proven through discovery or at the time of trial of this matter, all of which were in a contravention of the duties imposed on NASD in favor of Plaintiff and Class members.

44.     The Defendant failed to use proper care and was careless in such a manner that it showed a complete disregard for the rights of the members of the Class.

45.     The Defendants failed to correct the mistake for 15 months and during this time period, the Class suffered enormous damage.

46.     As a result of NASD's negligence, Plaintiff and Class members suffered damages describes herein.

47.    The damages suffered by Plaintiff and Class members were all natural and foreseeable consequences of NASD's conduct.

## COUNT II

## INTERFERENCE WITH EXISTING AND FUTURE BUSINESS RELATIONSHIPS

48.    All other paragraphs of this Complaint are incorporated herein by reference.

49.    The Defendant, NASD, as regulator and in association with member firms, was aware that Plaintiff and Class members were required to pass the Series 7 exam in order to engage in the solicitation, purchase, and/or sale of all securities products, including corporate securities, municipal securities, municipal fund securities, options, direct participation programs, investment company products and variable contracts.

50.    The Defendant notified the Plaintiff and Class members and, in almost all instances the Plaintiff's and Class members' sponsors and/or employers, and/or their potential employers, that they had failed the exam; thereby prohibiting them from engaging in the activities surrounding the solicitation, purchase, and/or sale of securities products.

51.    The Plaintiff, Class members, and the Plaintiff's and Class members' sponsors and/or employers, and/or their potential employers, all relied on the accuracy of the exam results in determining whether or not the Plaintiff or Class members were qualified to engage in the solicitation, purchase, and/or sale of securities products.

52.    As a result of the erroneous statements regarding the inaccurate scores put forth by NASD to all involved, NASD interfered in the existing and future business

relationships of Plaintiff and Class members to their detriment. Consequently, Plaintiff and Class members suffered damages as described herein including Plaintiff's and some Class member's inability to obtain a position and in some instances, members of the Class actually losing their jobs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all Class members, requests judgment against Defendant and that the court grant the following:

A. An order determining that this action is a proper class action maintainable under Rule 23 of the Federal Rules of Civil Procedure;

B. Grant certification of the proposed Class and appoint Plaintiff as class representative and appoint Plaintiff's counsel as Class counsel;

C. Costs and disbursements incurred by Plaintiff in connection with this action;

D. Determine Defendant's liability for damages;

E. Determine the scope of damages suffered by Plaintiff and the Class members;

F. Award pre-judgment and post-judgment interest on all damages allowed by law;

G. Award Plaintiff and Class members all reasonable attorneys' fees and costs.

H. Grant such additional or different relief as the interests of justice, law, or equity may require.

## JURY DEMAND

Plaintiff hereby demands a trial by jury with respect to all issues so triable.

DATED:        March 24, 2006            Respectfully submitted,

EMERSON POYNTER LLP

Scott E. Poynter (#90077)

2228 Cottondale Lane, Suite 100
Little Rock, AR 72202
Phone: (501) 907-2555
Fax:  (501) 907-2556

John G. Emerson
EMERSON POYNTER LLP
16763 Maplewild Ave SW
Seattle, WA 98166
Phone: (206) 241-2875
Fax: (206) 388-3801

**ATTORNEYS FOR PLAINTIFF**

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

**SKYLAR S. JORDAN, on Behalf of**
**Himself and All Others Similarly Situated**                                    **PLAINTIFF**

**VS.**                                        **NO. 4-06-CV-366**

**NATIONAL ASSOCIATION OF**
**SECURITIES DEALERS, INC.**                                              **DEFENDANT**

## <u>MOTION FOR EXTENSION OF TIME</u>

COMES now the Defendant, National Association of Securities Dealers, Inc., and for its Motion for Extension of Time to file a responsive pleading to the Plaintiff's Class Action Complaint, states:

1.      Plaintiff, Skylar S. Jordan, On Behalf of Himself and All Others Similarly Situated, has filed a Class Action Complaint against the Defendant, National Association of Securities Dealers, Inc.

2.      Defendant has obtained an agreement with Plaintiff's counsel to allow it an extension of time to respond to the Class Action Complaint, up to and including May 1, 2006.

WHEREFORE, Defendant, National Association of Securities Dealers, Inc., requests the Court to enter an Order allowing it until May 1, 2006, in which to file a pleading responsive to the Plaintiff's Class Action Complaint.

Respectfully submitted,

KEVIN A. CRASS (84029)
Friday, Eldredge & Clark, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522
Telephone: (501) 376-2011
E-Mail: Crass@fec.net

Attorneys for Defendant,
National Association of Securities Dealers, Inc.

BY: /s/ Kevin A. Crass
       KEVIN A. CRASS

## CERTIFICATE OF SERVICE

I, Kevin A. Crass, hereby certify that on April 18, 2006, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

**Scott E. Poynter**
Scott@emersonpoynter.com Michelle@emersonpoynter.com
Attorney for Plaintiff

I, Kevin A. Crass, hereby certify that on April 18, 2006, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, and that a copy of the document and Notice of Electronic Filing (NEF) were mailed, via United States Postal Service, to the following non CM/ECF participant:

John G. Emerson
EMERSON POYNTER LLP
16763 Maplewild Avenue SW
Seattle, Washington 98166
Attorney for Plaintiff

/s/ Kevin A. Crass
KEVIN A. CRASS (84029)
Friday, Eldredge & Clark, LLP
2000 Regions Center
400 West Capitol Avenue
Little Rock, Arkansas 72201-3493
Telephone: (501) 376-2011
E-Mail: Crass@fec.net
Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**SKYLER S. JORDAN, on Behalf of**
**Himself and All Others Similarly Situated**                    **PLAINTIFF**

**V.**                                    4:06CV00366

**NATIONAL ASSOCIATION OF**
**SECURITIES DEALERS, INC.**                                    **DEFENDANT**

## ORDER

Pending is Defendant's motion for an extension of time in which to file a responsive

pleading to the Plaintiff's Class Action Complaint. (Docket #2). For good cause shown, the

motion is granted. Defendant shall have up to and including May 1, 2006 in which to file a

responsive pleading to Plaintiff's Complaint.

IT IS SO ORDERED this 20th day of April, 2006.

James M. Moody
United States District Judge

AO 458 (Rev. 10/95) Appearance

# UNITED STATES DISTRICT COURT
_____EASTERN_____ DIVISION

## NOTICE OF APPEARANCE

### Case No.   4-06-CV-366

To the Clerk of this court and all parties of record:

Enter my appearance as counsel in this case for

National Association of Securities Dealers, Inc.

I certify that I am admitted to practice in this court.

_____April 27, 2006_____
Date

Signature

KEVIN A. CRASS
Print Name

84029
Bar Number

400 West Capitol Avenue, Suite 2000
Address

Little Rock          AR          72201-3522
City                State       Zip Code

501-370-1592
Phone Number

Crass@fec.net
E-Mail

**CERTIFICATE OF SERVICE**

I, Kevin A. Crass, hereby certify that on April 27, 2006, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

- **Scott E. Poynter**
  Scott@emersonpoynter.com
  Michelle@emersonpoynter.com;swilson@emersonpoynter.com

I, Kevin A. Crass, hereby certify that on April 27, 2006, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, and that a copy of the document and Notice of Electronic Filing (NEF) were mailed, via United States Postal Service, to the following non CM/ECF participant:

John G. Emerson
EMERSON POYNTER LLP
16763 Maplewild Avenue SW
Seattle, Washington 98166
Attorney for Plaintiff

KEVIN A. CRASS (84029)
Friday, Eldredge & Clark, LLP
2000 Regions Center
400 West Capitol Avenue
Little Rock, Arkansas 72201-3493
Telephone: (501) 376-2011
E-Mail: Crass@fec.net
Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

**SKYLAR S. JORDAN, on Behalf of
Himself and All Others Similarly Situated**                           **PLAINTIFF**

**VS.**                                    **NO. 4-06-CV-366**

**NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.**                                        **DEFENDANT**

### DEFENDANT'S UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING A
### TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Defendant, National Association of Securities Dealers, Inc. (hereinafter referred to as
"NASD"), hereby moves the Court for a stay of all proceedings in the above-captioned case,
pending a decision by the Judicial Panel on Multi-District Litigation (hereinafter referred to as
"MDL Panel") concerning whether to coordinate pre-trial proceedings in this action and multiple
similar actions pending against NASD. Plaintiff's counsel does not oppose the Motion and has
agreed to the stay. NASD's Transfer Motion includes this case and others.

Pursuant to notice from the MDL Panel, the parties to the Transfer Motion submitted
responses on or before April 19, 2006.

WHEREFORE, Defendant, National Association of Securities Dealers, Inc., respectfully
requests that this case be stayed pending a decision by the MDL Panel.

Respectfully submitted,

KEVIN A. CRASS (84029)
Friday, Eldredge & Clark, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522
Telephone: (501) 376-2011
E-Mail: Crass@fec.net

Attorneys for Defendant

BY: /s/ Kevin A. Crass
      KEVIN A. CRASS

## CERTIFICATE OF SERVICE

I, Kevin A. Crass, hereby certify that on April 28, 2006, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

**Scott E. Poynter**
Scott@emersonpoynter.com; Michelle@emersonpoynter.com;
swilson@emersonpoynter.com
Attorney for Plaintiff

I, Kevin A. Crass, hereby certify that on April 28, 2006, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, and that a copy of the document and Notice of Electronic Filing (NEF) were mailed, via United States Postal Service, to the following non CM/ECF participant:

John G. Emerson
EMERSON POYNTER LLP
16763 Maplewild Avenue SW
Seattle, Washington 98166
Attorney for Plaintiff

/s/ Kevin A. Crass
KEVIN A. CRASS (84029)
Friday, Eldredge & Clark, LLP
2000 Regions Center
400 West Capitol Avenue
Little Rock, Arkansas 72201-3493
Telephone: (501) 376-2011
E-Mail: Crass@fec.net
Attorneys for Defendant

### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**SKYLER S. JORDAN, on Behalf of**
**Himself and All Others Similarly Situated**                           **PLAINTIFF**

**V.**                                        4:06CV00366

**NATIONAL ASSOCIATION OF**
**SECURITIES DEALERS, INC.**                                   **DEFENDANT**

### ORDER

Pending is Defendant's unopposed motion to stay all proceedings pending a transfer

decision by the Judicial Panel on Multi-District Litigation.  (Docket #5).  For good cause shown,

the motion is granted.  All proceedings in this case are hereby stayed pending a transfer decision

by the Judicial Panel on Multi-District Litigation.

IT IS SO ORDERED this 28th day of April, 2006.

James M. Moody
United States District Judge

A CERTIFIED TRUE COPY

JUN 2 7 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1772*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 7 2006

FILED
CLERK'S OFFICE

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE SERIES 7 BROKER QUALIFICATION EXAM SCORING LITIGATION*

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### *TRANSFER ORDER*     4:06 cv 366 JMM

This litigation currently consists of nine actions listed on the attached Schedule A and pending in the following districts: four actions each in the District of District of Columbia and the Southern District of New York, and one action in the Eastern District of Arkansas.[1]  Before the Panel are two motions, one by plaintiffs in two actions in the Southern District of New York and another, as amended, by defendant the National Association of Securities Dealers (NASD), for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407, of the nine actions taken together.[2]  Every responding party agrees that centralization is appropriate. NASD, along with defendant Electronic Data Systems Corp. and plaintiffs in one Southern District of New York action and the potential tag-along action in the Southern District of Ohio, support transfer to the Southern District of New York.  Plaintiffs in three Southern District of New York actions (including the original movants) plus four actions and three potential tag-along actions pending in the District of District of Columbia prefer transfer to the District of District of Columbia.  Plaintiff in the Eastern District of Arkansas action supports transfer to the Eastern District of Arkansas.

---

[1] The Panel has been notified of six related actions pending, respectively, as follows: four actions in the District of District of Columbia, and an action each in the Southern District of New York and the Southern District of Ohio.  These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] The two plaintiffs submitting the initial Section 1407 motion moved to "withdraw the complaints" in their actions, which are both pending in Southern District of New York, on March 20, 2006.  The actions (*Crabbe* and *Cutler*), however, previously were stayed on March 10, 2006, pending the Panel's decision. The New York court has not ruled upon plaintiffs' motions to withdraw their complaints and, presumably, voluntarily dismiss their actions.  Another action pending in the Southern District of New York (*Hester*) and included in NASD's motion is also subject to a stay pending the Panel's ruling; plaintiff in *Hester* has filed a Rule 41(a)(1) notice of voluntary dismissal.  An action pending in the Middle District Tennessee and subject to the initial Section 1407 motion has since been voluntarily dismissed, and Panel consideration of that action is thus moot.  All but one of these plaintiffs have since refiled their action in the District of District of Columbia, as the *Hester* and *Cutler* actions that were included in NASD's amended motion for transfer.

- 2 -

On the basis of the papers filed and hearing session held, the Panel finds that these nine actions involve common questions of fact, and that centralization under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations concerning the cause or causes of errors in scoring the Series 7 Broker Qualification Exam, a computerized qualifying test required for anyone employed by a securities firm that wishes to register individuals as general securities representatives dealing with the public. These errors caused approximately 1,900 individuals to incorrectly receive a failing grade. Plaintiffs allege, on behalf of overlapping putative classes of all individuals who took the exam and received an erroneous failing grade, such common law claims as breach of contract, negligence, negligent misrepresentation, defamation, and tortious interference with contract and/or business relationships. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the District of District of Columbia is an appropriate transferee forum for this litigation. The largest number of actions are pending in the District of District of Columbia (including potential tag-along actions), and relevant documents and witnesses may be found at NASD's District of Columbia headquarters or its testing and continuing education division, which is located nearby in the District of Columbia suburbs.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of District of Columbia are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable John D. Bates for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

<u>MDL-1772 -- In re Series 7 Broker Qualification Exam Scoring Litigation</u>

### Eastern District of Arkansas

*Skylar S. Jordan v. National Association of Securities Dealers, Inc.*, C.A. No. 4:06-366

### District of District of Columbia

*William Lowe v. National Association of Securities Dealers, Inc., et al.*,
    C.A. No. 1:06-280
*Timothy Wallin v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-382
*Linda Cutler v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-525
*Jennifer Hester, et al. v. National Association of Securities Dealers, Inc.*,
    C.A. No. 1:06-554

### Southern District of New York

*Andrew Crabbe v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-1085
*Linda Cutler v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-1208
*Jennifer Hester v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-1238
*Gueorgui Ivanov v. National Association of Securities Dealers, Inc., et al.*,
    C.A. No. 1:06-2388